## THE STATE *v.* ANTHONY.

MAGISTRATES' FEE. *For taking down proof in criminal cases.* Under sec, 5062 of the Code, under the caption, "proceedings before committing magistrates," it is enacted: "The evidence of witnesses examined shall be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively." For such services Magistrates are allowed the same fee as prescribed by law for the taking of depositions.

Code cited: Secs. 5062, 4550.

### FROM HARDEMAN.

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

F. FENTRESS and F. WILLIAMS for Anthony.

FREEMAN, J., delivered the opinion of the Court.

By the Code, sec. 4550, after fixing the fees allowed justices of the peace in the cases specified, it is provided that, "for any other service required by law in criminal cases, the same fees allowed by law in similar services in civil cases."

Taking down the testimony in criminal cases on preliminary examinations by justices is a service required of them by law. In such cases no fees are prescribed in this section of the Code. They must either be allowed no fees for this service, (which is not to be presumed) or allowed some "fees as allowed

in similar services in civil." The only services similar to this in civil cases performed by a justice is the taking of depositions. The services in the one case are similar or like the other. It is the taking down in writing officially the testimony of a witness. It is true in this case it is not necessarily to be used as testimony in the criminal case, but in certain contingencies it may be so used. The uses to which the testimony may be applied I do not think furnish any guide to the determination of the question before us, but only the question as to whether the services are similar. If they are, then like fees are to be allowed as in civil cases for such similar or like character of services. It is not provided that the services shall be identical in every particular in order to make the fees in one case the same as in the other, but only shall be similar, that is of like kind. I think the likeness in the services in the two cases is so clear, and in so many particulars, as sufficiently to fix the rate of the fees under the provisions of the Code cited to be the same, therefore the fees ought to be allowed.

TURNEY, J., delivered the following opinion:

By sec. 5062 of the Code, under the caption, "proceedings before committing magistrate," is enacted: "The evidence of the witnesses examined shall be reduced to writing by the magistrate or under his direction, and signed by the witnesses respectively."

Sec. 4550, after fixing the fees allowed justices in

criminal cases in certain specified items of service by sub sec. 8, enacts: "For any other service required by law in criminal cases the same fees allowed by law in similar services in civil cases."

By statute a fee of one dollar is allowed for the taking of a deposition by a justice of the peace or other authorized officer.

A deposition is the attested written testimony of a witness. The evidence committed in full substance to writing by the magistrate, signed by the witness, in criminal cases, comes within this definition.

The taxation is proper and will be certified.